

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 14, 2008

By Hand and ECF

The Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    United States v. Darrell Rice,
                  S1 07 Cr. 833 (JSR)

Dear Judge Rakoff:

        The Government respectfully submits this letter with respect to the possible conflict of interest involved in the continued representation of the defendant by Brooke E. Carey, Esq. The Court has scheduled a *Curcio* hearing for February 19, 2008, at 3:00 p.m., in advance of the defendant's sentencing, which is scheduled to take place at that time.

### Background

        Patrick J. Smith, Esq., a partner at the law firm Thacher Proffitt & Wood, LLP, is the counsel of record for the defendant in this case, and he was appointed pursuant to the Criminal Justice Act at the defendant's first appearance in the case. Throughout these proceedings, Mr. Smith has been assisted in his representation of the defendant by Brooke E. Carey, Esq., an associate lawyer who works at his law firm. Since the time of the defendant's guilty plea, Ms. Carey has applied for a position as an Assistant United States Attorney with the United States Attorney's Office for the Southern District of New York (this "Office"), and, in connection with that application process, she has completed a written application and participated in several interviews. Ms. Carey has not yet received a decision from this Office regarding her pending application. Although Ms. Carey is not the counsel of record in this case, since the time of her application, she helped Mr. Smith to prepare the written sentencing submission to the Court on behalf of the defendant, and, with the Court's permission, Ms. Carey intends to speak on behalf of the defendant at sentencing.

        It is my understanding that Mr. Smith and Ms. Carey have discussed the issue of Ms. Carey's potential conflict arising from her application to this Office at length with the

defendant. Further, it is my understanding that the defendant has indicated that he wishes to have Ms. Carey continue to assist Mr. Smith in representing him. Given Ms. Carey's application to this Office, the Government believes that, under governing law, the Court should conduct a *Curcio* hearing in order to advise the defendant of his right to representation by conflict-free counsel and determine whether the defendant wants to knowingly and voluntarily waive any potential conflict arising from Ms. Carey's representation of him. Of course, the Court retains the authority to reject any waiver in order to advance the Court's "independent interest" in ensuring that criminal cases "are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Wheat v. United States*, 486 U.S. 153, 159 (1988).

## Discussion

**A.    Applicable Law**

The Sixth Amendment provides a criminal defendant with the right to the effective assistance of counsel, which includes "the right to representation by conflict-free counsel." *United States v. Schwarz*, 283 F.3d 76, 90 (2d Cir. 2002). District courts have two separate obligations where there is a possible conflict of interest. First, the district court has an "inquiry obligation" when it is apprised of the possibility of a conflict of interest, under which it must "investigate the facts and details of the attorney's interests to determine whether the attorney in fact suffers from an actual conflict, a potential conflict, or no genuine conflict at all." *United States v. Levy*, 25 F.3d 146, 153 (2d Cir. 1994). Second, if the district court finds after some inquiry that the defendant's attorney suffers from an actual or potential conflict, the district court then has a "disqualification/waiver" obligation, under which it is required either to disqualify the attorney if the conflict is sufficiently severe, or, if the conflict may be waived, to conduct a *Curcio* hearing to advise the defendant of the ramifications of the conflict and obtain a waiver of any conflict from the defendant.

Three types of conflicts of interest are the subject of judicial inquiry and can potentially result in the deprivation of the effective assistance of counsel: (1) a *per se* conflict; (2) an actual conflict; and (3) a potential conflict that results in prejudice to the defendant. *See Armienti v. United States*, 313 F.3d 807, 810 (2d Cir. 2002); *United States v. John Doe No. 1*, 272 F.3d 116, 125 (2d Cir. 2001).

In the Second Circuit, *per se* conflicts have been found only in two classes of cases: where trial counsel "is not authorized to practice law" and where trial counsel "is implicated in the very crime for which his or her client is on trial." *Armienti v. United States*, 234 F.3d 820, 823 (2d Cir. 2000); *accord United States v. Jones*, 381 F.3d 114, 119 (2d Cir. 2004); *see also Solina v. United States*, 709 F.2d 160, 164 (2d Cir. 1983) (unlicensed attorney); *United States v. Cancilla*, 725 F.2d 867, 868-70 (2d Cir. 1984) (attorney implicated in client's crime).

An actual conflict exists when "during the course of the representation, the attorney's and defendant's interests diverge with respect to a material legal or factual issue or to a course of action." *United States* v. *Schwarz*, 283 F.3d at 91 (applying standard derived from *Cuyler* v. *Sullivan*, 446 U.S. 335 (1980)). To show divergent interests, "[s]peculation is not enough." *Triana* v. *United States*, 205 F.3d 36, 42 (2d Cir. 2000). Nor is a "mere theoretical division of loyalties." *Mickens* v. *Taylor*, 535 U.S. 162, 171 (2002). There can be an actual conflict of interest if "the attorney's current representation is impaired by the loyalty he owes a former client." *United States* v. *Leslie*, 103 F.3d 1093, 1098 (2d Cir. 1997) (citing *United States* v. *Malpiedi*, 62 F.3d 465, 469 (2d Cir. 1995).

Conflicts that do not fall into the categories of *per se* conflicts or actual conflicts are described as potential conflicts. *See, e.g., Armienti* v. *United States*, 234 F.3d at 824. "An attorney has a potential conflict of interest if 'the interests of the defendant may place the attorney under inconsistent duties at some time in the future.'" *United States* v. *Perez*, 325 F.3d 115, 125 (2d Cir. 2003) (quoting *United States* v. *Klitti*, 156 F.3d 150, 153 n.3 (2d Cir. 1998)). In *United States* v. *Jenkins*, the Second Circuit considered the situation where the defendant's lawyer was applying for employment with the United States Attorney's Office for the Southern District of New York, the same office that was prosecuting the defendant. 943 F.2d 167, 174-176 (2d Cir. 1991). There, the court upheld the defendant's waiver of the conflict, finding that the conflict was a potential one, that it was waivable, and that the defendant had voluntarily and knowingly waived the conflict. *Id.*

Finally, the Second Circuit has set forth the requirements for a *Curcio* procedure in detail:

> At such a hearing, the trial court (1) advises the defendant of his right to representation by an attorney who has no conflict of interest, (2) instructs the defendant as to the dangers arising from particular conflicts, (3) permits the defendant to confer with his chosen counsel, (4) encourages the defendant to seek advice from independent counsel, (5) allows a reasonable time for the defendant to make a decision, and (6) determines, preferably by means of questions that are likely to be answered in narrative form, whether the defendant understands the risk of representation by his present counsel and freely chooses to run them.

*United States* v. *Perez*, 325 F.3d at 119.

B.      **Rice's Right To Conflict-Free Representation**

Rice's situation does not fall into either category of *per se* non-waivable conflicts. Nor is it necessarily an "actual conflict" at this point. Because Ms. Carey does not yet have an offer of employment with this Office, she does not have divided loyalties with respect to her representation of the defendant. Ms. Carey's application to this Office does appear to present a potential conflict of interest. Theoretically, Ms. Carey, who owes a duty of undivided loyalty to the defendant, could be influenced in her representation of the defendant by her application for employment with this Office. However, the caselaw makes clear that the potential conflict of interest in this case may be waived by the defendant, if he chooses to execute a knowing and voluntary waiver of the conflict. *See United States* v. *Jenkins*, 943 F.2d at 174-176 (upholding defendant's knowing and voluntary waiver of potential conflict of interest where his counsel was seeking employment with the same office that was prosecuting the defendant).

For all of the foregoing reasons, the Government requests that the Court hold a *Curcio* hearing to place these issues on the record and enable the Court to make appropriate findings. Enclosed is a proposed series of questions for the Court to ask the defendant to determine whether he understands the potential conflict with Ms. Carey's continued representation of him and whether the defendant wants Ms. Carey to continue to represent him.

                          Respectfully submitted,

                          MICHAEL J. GARCIA
                          United States Attorney

By: _____
     Jessica A. Masella
     Assistant United States Attorney
     Tel.: (212) 637-2288

(Enclosure)

cc:      Patrick J. Smith, Esq.
         Brooke E. Carey, Esq.
         (by facsimile and ECF)

Proposed *Curcio* Examination

*United States* v. *Darrell Rice*
S1 07 Cr. 833 (JSR)

I. Introductory Questions To Establish Competence

    Age
    Education
    Current medications or treatment for medical/psychological conditions
    Alcohol, drugs, medications within past 24 hours
    Is anything interfering with your ability to understand what is happening here today?

II. Potential Conflict Of Interest Posed By Brooke Carey's Application To The United States Attorney's Office

    A. Are you satisfied with the services of your lawyers Patrick Smith and Brooke Carey thus far in the case?

    B. Have your lawyers informed you that Ms. Carey is in the process of applying to work in the United States Attorney's Office, the same office that is prosecuting your case?

    C. Do you understand that the fact that as one of your lawyers, Ms. Carey is obligated to use her best efforts to represent you, but at the same time she is asking to be employed by the prosecutor's office, which could present a conflict of interest?

    D. Do you understand that, in every criminal case, including this one, a defendant is entitled to assistance of counsel whose loyalty to him is undivided, who is not subject to any factor that might in any way intrude upon an attorney's loyalty to his interests? In other words, do you understand that you are entitled to attorneys who have only your interests in mind?

    E. Have you discussed that issue with your lawyers? How much time have you spent discussing that issue with your lawyers? Have you had enough time to discuss that issue with your lawyers and to think about whether you want Ms. Carey to continue to represent you?

    F. Have you received any inducements, promises or threats with regard to your choice of counsel in this case?

G. Do you understand that you have a right to consult with an attorney free from any conflict of interest about this issue, and that the Court will give you an opportunity to do that if there is any aspect of the information that I have conveyed to you today that you wish to discuss with a conflict-free attorney? Do you wish to consult with another lawyer about this issue?

H. After considering all that I have said today about the ways in which Ms. Carey's application to the United States Attorney's Office may adversely affect your defense, do you believe that it is in your best interest to have her continue to assist Mr. Smith as one of your attorneys? Is that your wish?

I. Do you understand that by choosing to continue with Ms. Carey as one of your attorneys, you are waiving your right to be represented solely by an attorney who has no conflict of interest?

J. Are you knowingly and voluntarily waiving your right to conflict-free representation?

K. Do you agree to waive any post-conviction argument, on appeal or otherwise, that by virtue the fact of Ms. Carey's application for employment to the prosecutor's office we have been discussing, you were denied effective assistance of counsel by Ms. Carey?

L. Is there anything that I have said that you wish to have explained further?